**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC LANE SEARCY,
                Appellant,

       v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
AT-0752-17-0083-I-1

DATE: February 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Carl Jones, Warner Robins, Georgia, for the appellant.

Frank M. Wood, Esquire, Robins Air Force Base, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant from his position of Sheet Metal Mechanic, effective October 21, 2016, for breaching a last chance agreement (LCA) by failing to observe safety procedures and engaging in careless workmanship. Initial Appeal File (IAF), Tab 4 at 33-34. Under the terms of the LCA, the appellant agreed to refrain from any misconduct for a 2-year period beginning on December 15, 2014. *Id.* at 15-16, 31. The LCA provided that the agency could summarily remove the appellant during that 2-year period if he committed any misconduct, including, but not limited to, "failing to comply with any written rules or Air Force Instructions." *Id*. at 16. The terms of the LCA also specified that the appellant voluntarily agreed and understood that he waived his right to appeal any such removal. *Id*. at 16-17.

¶3 The appellant's removal stemmed from an incident on September 15, 2016, in which he violated agency instructions by backing up a 30-foot trailer into a building without a spotter. *Id*. at 33. During the incident, the appellant hit and damaged a bay door. *Id.* In the removal decision notice, the agency specified

that the appellant violated Air Force Instruction (AFI) 91-203, Air Force Consolidated Occupational Safety Instruction, paragraph 32.4.3. *Id.* at 19-20, 33. That section states, in relevant part, "A spotter shall be posted when moving large equipment and vehicles backwards or in close quarters." *Id.* The agency also specified that the appellant's conduct violated AFI 24-301, Air Force Materiel Command Supplement, Transportation, Vehicle Operations, paragraph 2.4.13. *Id.* at 21-22, 33. That paragraph also requires the use of a spotter under certain circumstances when backing up a vehicle. *Id.* The agency removed the appellant for violating the LCA by engaging in the specified misconduct. *Id.* at 33-34.

¶4　　The appellant filed a timely appeal with the Board challenging his removal. IAF, Tab 1. The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant waived his right to appeal the removal under the terms of LCA. IAF, Tab 4 at 6-8. The administrative judge issued an order specifically informing the appellant of what he needed to establish for the Board to have jurisdiction over his appeal. IAF, Tab 5. In response, the appellant argued that the LCA no longer applied because the agency changed his job duties when it transferred him to a different position than the one he occupied when he signed the LCA. IAF, Tab 6 at 5. The appellant also argued that the LCA was no longer in effect because the action for which he was removed occurred more than 1 year after he signed the LCA. *Id.* The agency responded by arguing that the appellant was removed pursuant to a valid LCA, the terms of which included his agreement to waive his right to appeal his removal for committing any misconduct during the 2-year period that the LCA was in effect. IAF, Tab 7 at 4-5.

¶5　　The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction based on her findings that the appellant's waiver of his appeal rights in the LCA was valid and that his misconduct occurred during the 2-year period that the waiver was in effect. IAF, Tab 8, Initial Decision (ID) at 3-5. The administrative judge also found that the LCA applied regardless of the

appellant's position at the agency because the LCA did not prohibit the agency from reassigning him to other duties or positions. ID at 4. She dismissed the appeal without holding the hearing requested by the appellant based on her finding that there was no factual dispute relevant to the jurisdictional issue. ID at 1; IAF, Tab 1 at 2.

¶6    The appellant has filed a petition for review challenging the administrative judge's decision to dismiss his appeal for lack of jurisdiction. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to his petition. PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    The appellant argues for the first time on review that he did not breach the LCA.[2] PFR File, Tab 1 at 5-6. We disagree, and we explain below why we will consider this argument, even though it was not raised on appeal.

¶8    The appellant bears the burden of proving that his appeal is within the Board's jurisdiction. *Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 9 (2016); 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board. *Bruhn*, 124 M.S.P.R. 1, ¶ 9. An appellant may establish that a waiver of appeal rights in a LCA should not be enforced by showing, as relevant here, that he complied with the LCA. *Id*. The appellant argues that only willful misconduct could violate the LCA, and he contends that his misconduct was not willful because he had a spotter, and the spotter told him it was clear but then walked away without his knowledge. PFR File, Tab 1 at 5-6.

¶9    The Board generally will not consider arguments raised for the first time in a petition for review. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271

---

[2] On review, the appellant does not dispute the administrative judge's findings that the LCA was valid and in effect when the agency removed him. ID at 4-5; PFR File, Tab 1 at 5. We decline to disturb these findings.

(1980).  However, there is an exception for arguments regarding the Board's jurisdiction because this issue may be raised at any time during the Board proceedings.  *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016).  The plain language of the LCA provided that the agency could "summarily remove[]" the appellant for "failing to comply with any written rules or Air Force Instructions."  IAF, Tab 4 at 15-16, 31.  The terms of the LCA did not specify that the appellant's misconduct had to be willful to warrant his removal by the agency, and breach can be established by proving material noncompliance with the terms of the LCA "regardless of . . . motive."  *Id.* at 15-16; *see Link v. Department of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995).

¶10  Because the appellant agreed to waive his right of appeal in the LCA, and he has failed to allege that the waiver is unenforceable under the applicable criteria, we find that the administrative judge properly dismissed his removal appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                             /s/ for
                                                     Jennifer Everling
                                                     Acting Clerk of the Board

Washington, D.C.